UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOAO OLIVEIRA            :
MICHELLE OLIVEIRA        :
                         :
      v.                :   C.A. No. 19-168JJM
                         :
FEDERAL HOUSING FINANCE  :
AGENCY, FEDERAL NATIONAL :
MORTGAGE ASSOCIATION,    :
MATTHEW ALAN TONNING     :

## DEFENDANT, MATTHEW ALAN TONNING'S ANSWER, COUNTERCLAIM AND CROSSCLAIMS

    Defendant, Matthew Alan Tonning, hereby answers the plaintiffs' Complaint as follows:

1. This defendant denies the allegations contained in paragraphs 1, 94, 96, 97, 103, 105, 107, 108, 109, 111 and 112 of the plaintiffs' Complaint.

2. This defendant makes no answer to the allegations contained in paragraphs 2, 4, 5, 6, 7, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 30, 31, 33, 34, 95, 100, 101, 102 and 104 of the plaintiffs' Complaint insofar as said paragraphs contain legal conclusions and not factual averments to which a responsive pleading is required.  Should it be determined that a responsive pleading is required to the allegations contained in these paragraphs, they are denied.

3. As to the allegations contained in paragraphs 8 and 110 of the plaintiffs' Complaint, admitted that the plaintiffs currently reside at 5 April Court, Providence, RI.  Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in these paragraphs.

4. This defendant admits the allegations contained in paragraph 9 of the plaintiffs' Complaint.

5. As to the allegations contained in paragraph 10 of the plaintiffs' Complaint, admitted that Federal National Mortgage Association is a corporation organized under the laws of the United States.  Otherwise, this defendant makes no answer to the remainder of the allegations contained in this

      paragraph insofar as it contains legal conclusions and not factual averments to which a responsive pleading is required. Should it be determined that a responsive pleading is required to the allegations contained in this paragraph, they are denied.

6. As to the allegations contained in paragraph 12 of the plaintiffs' Complaint, admitted that this defendant is a Rhode Island resident and that he owns the real estate known as 5 April Court, Providence, RI. Otherwise, denied.

7. This defendant is without sufficient information to either admit or deny the allegations contained in paragraphs 13, 28, 29, 32, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 49, 50 and 98 of the plaintiffs' Complaint.

8. As to the allegations contained in paragraph 43 of the plaintiffs' Complaint, this defendant is without sufficient information to either admit or deny the allegations contains in this paragraph and further answering states that the referenced document speaks for itself.

9. As to the allegations contained in paragraph 47 of the plaintiffs' Complaint, this defendant admits that the referenced document was recorded as stated. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph and further answering states that the referenced document speaks for itself.

10. As to the allegations contained in paragraph 48 of the plaintiffs' Complaint, this defendant is without sufficient information to either admit or deny the factual allegations contained in this paragraph. Otherwise, this defendant makes no answer to the balance of the allegations contained in this paragraph insofar as said paragraph contains legal conclusions and not factual averments to which a responsive pleading is required. Should it be determined that a responsive pleading is required to the allegations contained in this paragraph, they are denied.

11. As to the allegations contained in paragraph 51 of the plaintiffs' Complaint, this defendant admits that he purchased the referenced property through a Special/Limited Warranty Deed and further answering states that the referenced document speaks for itself. Otherwise, denied insofar as the balance of the allegations refer to this defendant and further answering, this defendant is without sufficient information to either admit or deny the allegations in this paragraph that refer to other defendants.

12. As to the allegations contained in paragraphs 52 through 90 of the plaintiffs' Complaint, this defendant makes no response insofar as said allegations are addressed to other defendants and not to this defendant. Should it be determined that any of the allegations are addressed to this defendant, they are denied.

13. As to the allegations contained in paragraphs 91 and 106 of the plaintiffs' Complaint, this defendant incorporates his prior responses to the paragraphs referenced therein as if restated in full.

14. As to the allegations contained in paragraphs 92 and 93 of the plaintiffs' Complaint, this defendant admits that he obtained a "Special/Limited Warranty Deed" and further answering states that the document speaks for itself. Otherwise, the balance of the allegations are denied.

15. As to the allegations contained in paragraph 99 of the plaintiffs' Complaint, admitted as to the stated purchase price. Otherwise, the balance of the allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that he is the rightful, record and legal owner of the Property.

## SECOND AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that he is a bona fide, good faith purchaser for value of the Property and entitled to all of the protections afforded same.

## THIRD AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiffs' Complaint fails to state a claim upon which relief may be granted as against this defendant.

## FOURTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads the plaintiffs' unclean hands as a bar to the within action.

## FIFTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads estoppel as a bar to the within action.

## SIXTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads laches as a bar to the within action.

### SEVENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads the plaintiffs' failure to mitigate their damages as a bar to the within action.

### EIGHTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiffs' damages, if any at all, were
caused by or contributed to by the plaintiffs' own actions.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs' damages, if any at all, were caused by other persons, firms or corporations for whose conduct this defendant is not responsible.

### TENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiffs have been unjustly enriched by the payments made exclusively by this defendant for maintenance, upkeep, taxes and insurance during the period of time since this defendant purchased the Property.

### ELEVENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads waiver as a bar to the within action.

WHEREFORE defendant Matthew Alan Tonning demands that the plaintiffs' Complaint be dismissed and that the defendant be awarded his costs related thereto.

> MATTHEW ALAN TONNING
> By his attorneys,
> BENGTSON & JESTINGS, LLP
>
> /s/Patricia A. Buckley
> PATRICIA A. BUCKLEY #2987
> 40 Westminster Street, Suite 300
> Providence, RI 02903
> (401) 331-7272
> (401) 331-4404 (fx)
> pbuckley@benjestlaw.com

**DEFENDANT HEREBY
DEMANDS TRIAL BY JURY**

## COUNTERCLAIM
## (Unjust Enrichment)

1. Defendant and plaintiff-in-counterclaim, Matthew Alan Tonning ("Tonning"), is a resident of the state of Rhode Island and record owner of the property located at 5 April Court, Providence, RI ("the Property") having purchased the Property from the defendant, Federal National Mortgage Association ("FNMA") following a foreclosure.

2. Plaintiffs and defendants-in-counterclaim, Joao Oliveira and Michelle Oliveira ("Plaintiffs") currently reside at the Property and were the prior owners of the Property until they defaulted on their mortgage to FNMA's predecessor in interest in 2014.

3. Tonning purchased the Property from FNMA by Special/Limited Warranty Deed on August 15, 2018.

4. Since that time, Tonning has expended funds in connection with his ownership of the Property including upkeep, maintenance, taxes and insurance costs.

5. Since Tonning obtained ownership of the Property, the Plaintiffs have continued to reside at the Property and, until a recent eviction action resulted in a judgment for rental payments to be made to Tonning going forward, the Plaintiffs have paid nothing in rent, upkeep, maintenance, taxes or insurance.

6. If the Plaintiffs' claim is successful, then they have benefitted and been unjustly enriched by Tonning's expenditures for the Property and must be required to reimburse Tonning for all expenditures made by him related to the Property that provided a direct benefit to them.

WHEREFORE, Matthew Allen Tonning respectfully requests that judgment enter as against the Plaintiffs, Joao Oliveira and Michelle Oliveira, in the amount of Tonning's damages, together with its attorney's fees and costs in connection with this action and such other and further relief as this Court deems just and proper.

MATTHEW ALAN TONNING
By his attorneys,
BENGTSON & JESTINGS, LLP

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
40 Westminster Street, Suite 300
Providence, RI 02903
(401) 331-7272
(401) 331-4404 (fx)
pbuckley@benjestlaw.com

**DEFENDANT AND
PLAINTIFF-IN-COUNTERCLAIM
HEREBY DEMANDS TRIAL BY JURY**

**CROSS-CLAIM AGAINST
FEDERAL NATIONAL MORTGAGE ASSOCIATION**

1. Defendant and plaintiff-in-cross-claim, Matthew Alan Tonning ("Tonning"), is a resident of the state of Rhode Island and record owner of the property located at 5 April Court, Providence, RI ("the Property") having purchased the Property from the defendant, Federal National Mortgage Association ("FNMA") following a foreclosure.

2. Defendant and defendant-in-cross-claim, FNMA, is a government sponsored enterprise and financial services corporation created by the government of the United States, which does business in the state of Rhode Island.

3. Plaintiffs, Joao Oliveira and Michelle Oliveira ("Plaintiffs") currently reside at the Property and were the prior owners of the Property until they defaulted on their mortgage to FNMA's predecessor in interest in 2014 and FNMA then became the owner of the Property through a foreclosure deed on May 29, 2014.

4. Tonning purchased the Property from FNMA by Special/Limited Warranty Deed on August 15, 2018 for the purchase price of $121,480.80.

5. Since the purchase of the Property and in addition to the purchase price paid, Tonning has expended funds in connection with his ownership of the Property including upkeep, maintenance, taxes and insurance costs as well as costs for an eviction action to remove the Plaintiffs from the Property.

6. The Plaintiffs maintain in this action that FNMA was not the rightful owner of the Property at the time it transferred the Property to Tonning.

7. The Plaintiffs have also asserted in this action that at the time of the sale of the Property by FNMA to Tonning, FNMA was aware of the Plaintiffs' claim of defective title in FNMA.

8. If the Plaintiffs' allegations prove correct and FNMA did not have title to the Property to convey to Tonning, then Tonning has been damaged by FNMA's actions in selling the Property to him with knowledge as to FNMA's defective

title.

## COUNT I
### Rescission

9. Tonning hereby incorporates the allegations contained in paragraphs 1 through 8 of this Cross-claim as if restated in full herein.

10. If the Plaintiffs' allegations prove correct and FNMA knew or should have known that it did not have title to the Property to convey to Tonning, then its representations to Tonning as to its ownership of the Property were false and misled Tonning into purchasing the Property.

11. If the Plaintiffs' allegations prove correct, then as a consequence of FNMA's

    actions, Tonning has been damaged.

12. If FNMA did not have title to and ownership of the Property at the time of the sale to Tonning, then the contract of sale between FNMA and Tonning is void and must be rescinded and the parties put back into their respective positions as existed prior to the sale of the Property to Tonning.

    WHEREFORE, Matthey Alan Tonning demands judgment against FNMA for rescission and for all damages sustained as a consequence of FNMA's conduct, together with his attorney's fees and costs in connection with this action and such other and further relief as this Court deems just and proper.

## COUNT II
### Indemnification

13. Tonning hereby incorporates the allegations contained in paragraphs 1 through 12 of this Cross-claim as if restated in full herein.

14. If the Plaintiffs are successful in this action and awarded relief, Tonning's resulting damages will have been brought about solely by the actions of FNMA in claiming to own the Property and conveying it to Tonning when they did not own it, knew or should have known that they did not own it and had been placed on notice that their ownership of it was challenged.

15. As a consequence of FNMA's actions, Tonning has been exposed to significant loss in an amount sufficient to invoke the jurisdiction of this court.

    WHEREFORE, Matthew Alan Tonning respectfully requests that judgment enter as against FNMA in the amount of Tonning's damages, together with his attorney's fees and costs in connection with this action and such other and further

- 8 -

relief as this Court deems just and proper.

                      MATTHEW ALAN TONNING
                      By his attorneys,
                      BENGTSON & JESTINGS, LLP

                      /s/Patricia A. Buckley
                      PATRICIA A. BUCKLEY #2987
                      40 Westminster Street, Suite 300
                      Providence, RI 02903
                      (401) 331-7272
                      (401) 331-4404 (fx)
                      pbuckley@benjestlaw.com

**DEFENDANT AND**
**PLAINTIFF-IN-CROSS-CLAIM**
**HEREBY DEMANDS TRIAL BY JURY**

## CERTIFICATION

    I hereby certify that this document, filed through the court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 10th day of July, 2019.

                      /s/Patricia A. Buckley